**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4591**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JODY DELANO HAIRSTON,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:13-cr-00054-TDS-1)

Submitted:  May 31, 2022                    Decided:  June 14, 2022

Before THACKER, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jody Delano Hairston appeals the district court's judgment revoking his supervised release and sentencing him to 37 months' imprisonment followed by 23 months' supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court properly admitted a Drug Enforcement Administration (DEA) lab report without requiring confrontation of the technician who prepared it, whether the court properly concluded that Hairston committed a Grade A violation, and whether Hairston's sentence is procedurally and substantively reasonable. The Government has declined to file a brief. Although notified of his right to file a pro se supplemental brief, Hairston has not done so. We affirm.

First, counsel questions whether the district court erred in admitting a DEA lab report without requiring confrontation of the technician who prepared it. Because Hairston did not object to the admission of the report, we review his arguments on appeal for plain error. *United States v. Walker*, 934 F.3d 375, 377-78 (4th Cir. 2019). To succeed on plain error review, Hairston must "show that: (1) an error occurred; (2) the error was plain; and (3) the error affected [his] substantial rights." *United States v. Bennett*, 986 F.3d 389, 397 (4th Cir.), *cert. denied*, 142 S. Ct. 595 (2021). If Hairston makes this showing, we have discretion to correct the error and should do so "if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks omitted).

2

A defendant in a revocation hearing is "entitled to 'an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear.'"  *United States v. Ferguson*, 752 F.3d 613, 616 (4th Cir. 2014) (quoting Fed. R. Crim. P. 32.1(b)(2)(C)).  "Rule 32.1(b)(2)(C) specifically requires that, prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation."  *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012); *see Ferguson*, 752 F.3d at 616-17 (discussing *Doswell*).  While reliability is no longer the test for admissibility, *Doswell*, 670 F.3d at 530, it remains "a critical factor in the balancing test under Rule 32.1," *id.* at 531.  "If hearsay evidence is reliable and the [g]overnment has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1."  *Id.*  We have thoroughly reviewed the record and conclude that the district court did not plainly err in admitting the DEA lab report.

Next, Hairston's counsel questions whether the district court properly concluded that Hairston committed a Grade A violation of supervised release.  We review the district court's revocation of supervised release for abuse of discretion and its factual determinations underlying the conclusion that a violation occurred for clear error.  *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019).  A district court need only find a supervised release violation by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3) (cited in *Dennison*, 925 F.3d at 191).  Based on our review of the record, we conclude that there was ample evidence adduced at the revocation hearing from which the district court

3

could conclude that Hairston committed new criminal conduct by trafficking methamphetamine.

Finally, Hairston's counsel questions whether Hairston's sentence is procedurally and substantively reasonable. "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (cleaned up). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656-57 (4th Cir. 2007).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A court need not be as detailed or specific

4

when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that the sentence is procedurally and substantively reasonable. Hairston's sentence on each count is within the statutory maximum. Moreover, the district court imposed a within-policy-statement-range sentence, considered the relevant statutory factors, and gave sufficiently detailed reasons for its decision. Specifically, the court recounted the seriousness of the supervised release violations, Hairston's education, employment record, criminal history, implausible testimony at the revocation hearing, refusal to express remorse, the need to promote deterrence, and the need to protect the public.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Hairston, in writing, of the right to petition the Supreme Court of the United States for further review. If Hairston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hairston.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5